IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILLENNIUM MARKETING GROUP, LLC, et al., § § § Plaintiffs, § § § Civil No. H-06-962 v. § § UNITED STATES of AMERICA, § § Defendant. § | |

## ORDER

Pending before the court are Plaintiffs' motions to compel production of documents (Docket Entry Nos. 163 and 168), Defendant's motion for a protective order (Docket Entry No. 171) and the responses filed thereto. The court has examined the contested documents *in camera*, heard oral argument on all motions and finds the following:

**A.  Plaintiffs' Motions to Compel**

As the parties have agreed to bifurcate this case into a liability phase and a damages phase, the only issue presently before the court is whether disclosures were made in violation of 26 U.S.C. § 6103 ("Section 6103") and whether those disclosures were authorized under the statute. The Internal Revenue Service's ("IRS") intent in making the disclosures, if certain disclosures are found to be wrongful, is an issue for the damages portion of this suit.  See Payne v. United States, 289 F.3d 377, 385 n.2 (5th Cir. 2002)(stating that analysis under 26 U.S.C. § 7431 should first determine whether an error has been committed before

considering whether the agent acted in good faith). Nonetheless, Plaintiffs request that the court examine documents to determine if the IRS had predetermined the Millennium Plan to be abusive before examining the merits of the Private Letter Ruling ("PLR"). However, that is an issue for another day.

As the party asserting privilege, Defendant bears the burden of demonstrating privilege. <u>United States v. Rodriquez</u>, 948 F.2d 914, 916 (5th Cir. 1991). Because this case concerns the adjudication of federal rights, the federal common law of privilege applies. <u>Willy v. Admin. Review Bd.</u>, 423 F.3d 483, 495 (5th Cir. 2005).

Before addressing specific claims of privilege, the court notes the following. In a letter dated June 17, 2008, the Defendant withdrew its claims of privilege to documents 4201-4205 and 33605-33615.

**1.   Documents Related to Third Parties**

Section 6103(a) provides that returns and return information are confidential and may not be disclosed except as authorized by its other sections. Return information is broadly defined by Section 6103(b)(2) as:

> (A) a taxpayer's identity, the nature, source or amount of his income, payments, . . . whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof)

of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense.

Plaintiffs seek information found in third-party taxpayers' files that may be related in some way to the Millennium Plan. This would include non-plaintiff taxpayers presently under examination. Plaintiffs request that the court simply redact the taxpayer's identifying information as done in Tax Analysts v. Internal Revenue Service, 117 F.3d 607, 611 (D.C. Cir. 1997), and produce the remainder of the files so they can determine how the IRS is treating Millennium Plan deductions and gain insight into the deliberations of the IRS in making determinations in those cases.

In Tax Analysts, the plaintiffs sought disclosure of certain legal opinions issued by the national office of the IRS's General Counsel known as Field Service Memoranda ("FSA") through the Freedom of Information Act, 5 U.S.C. § 552. The Tax Analysts court found, apart from any taxpayer-specific information, that FSAs were not "return information" covered by Section §6103(b)(2)(A) even though they were issued, in many cases, with respect to specific taxpayers. As later explained in Landmark Legal Foundation v. Internal Revenue Service, 267 F.3d 1132, 1138 (D.C. Cir. 2001), the Tax Analysts decision rested primarily on the distinction between non-disclosable taxpayer-specific data and disclosable legal opinions as well as the requirement in 26 U.S.C. § 6110 that "written determinations" of the IRS, including technical advice

memos and Chief Counsel advice, be available for public inspection. Landmark Legal Foundation, 267 F.3d at 1138.

Tax Analysts is factually distinguishable from the present case. In Tax Analysts, the information sought was legal memoranda, not audit files of taxpayers. Here, the third-party information reviewed by the court is what Tax Analysts would consider as non-disclosable taxpayer-specific data and not legal opinion. Under the circumstances presented by these documents, it is not feasible to redact the factual return information as discussed in Tax Analysts, as well as the factual information covered by the attorney-client, work product and the deliberative privileges, from legal memoranda that might be disclosable under Tax Analysts.

Plaintiffs also argue that Defendant cannot avoid producing a document merely by placing it in an audit investigation file. However, in the present case, the documents listed below *are* the investigation files. As such, they are not disclosable. This return information of third parties does not qualify for disclosure under Section 6103(h)(4)(C) because it does not directly affect resolution of an issue in this proceeding.

The court has reviewed the following documents and, based on the declaration of [redacted] and others, the court finds that they contain return information of one or more third parties to the present litigation and may not be disclosed under any circumstance:

    034, 043, 044-059, 104, 131-132, 133-134, 135-136, 137-138,

139-140, 141-142, 143-144, 145, 146-147, 148-149, 150-151, 152, 153, 154, 155, 156, 157, 158, 159, 160-161, 162-163, 164-165, 166-167, 168, 169, 170, 171, 172-177, 178-183, 184-188, 189-193, 194-198, 199-203, 204-209, 210-215, 216-221, 222-226, 227-232, 233-237, 238-242, 243-246, 247-250, 251-253, 254-256, 257-259, 260-262, 263-264, 265-266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277-278, 279-280, 281, 282, 283, 284-288, 289, 290-294, 295, 296, 297-298, 299, 300, 301, 302, 303-305, 306-308, 309-311, 312-314, 315-322, 323-327, 340-343, 344-347, 348-351, 352-355, 356-360, 361-365, 366-369, 370-374, 375-379, 429, 430-440, 499-501, 521-522, 523-524, 665, 666, 828-848, 849-870, 871-873, 874-884, 885-886, 887, 888, 889-890, 891-896, 897-989, 899-904, 905, 906-911, 912, 913, 914-919, 920, 921-923, 924, 925-973, 979, 980-983, 984-993, 994-1003, 1004-1010, 1011-1023, 1024-1025, 1026, 1027-1028, 1061-1078, 1079, 1080, 1081-1082, 1083-1093, 1094, 1202, 1208-1211, 1983-1984, 1985-1991, 1992-2010, 2053, 2070 (unredacted), 2195-2196, 2197-2203, 2209-2219, 2220, 2223-2224, 2225, 2228, 2370-2393, 2508-2518, 2539-2556, 2619-2621, 2537-2639, 2643-2646 (unredacted), 2682-2685, 2686-2689, 2723-2726, 2841-2842, 2843-2844, 2853-2854, 2861-2862, 2863-2864, 2905-2908, 2909-2912, 2916-2918, 2930, 2931-2932, 2968-2970, 3008, 3469, 3471, 3472-3477, 3496-3498, 3500-3503, 3506-3508, 3512-3518, 3568-3574, 3922-3927, 3587-3596, 3608-3610, 3611-3613,  3684-3692, 3703-3711, 3712-3721, 3722-3723, 3728-3735, 3740-3745, 3724-3727, 3736-3739, 3746-3747, 3749-3753, 3761-3768,

3769-3782, 3784-3829, 3831-3855, 3860-3863, 3864-3871, 3872-3874, 3877-3885, 3886-3887, 3888-3897, 3901-3903, 3908-3911, 3913-3915, 3918-3921, 3938-3965, 3966-3969, 3970-3982, 4061, 4093-4096, 4144-4451, 4188, 4197-4199, 4209-4213, 4237-4239, 4241, 4247-4249, 4279-4281, 4282-4294, 4333-4334, 4335-4337, 5160-5165, 5195-5211, 5222-5225, 5226-5235, 5236-5237, 5238, 5242, 5253-5260, 20053-20055, 20096-20097, 20118-20125, 20143-20144, 20156-20159, 20337-20385, 20787-20791, 30041-30044, 30113-30115, 30165-30167, 30168-30170, 30176, 30315-30320, 30321-30322, 31038-31039, 31660, 32368-32373, 32388-32399, 32446-32457, 32458-32475, 32534-32549, 32550-32629, 32630-32635, 32881-32901, 32902-32918, 32930-32931, 33049-33054, 33170-33172, 33260-33263, 33308, 33516-33520, 33539-33540, 33554-33558, 33569-33580,  33605-33613, 33640-33641, 33642-33656, 33665, 33678-33680, 33690, 40720-40821, 40857-40868, 40891-40897, 40898-40932, 40933-41002, 41003-41026, 41028-41073, 41074-41530, 41531-41846, 41899-41905, 42386-42550, 42551-42566, 43694-43764, 58324-58326, 58565-58567, 58568-58574, 58575-58577, 58578-58607, 58608-58654, 58638-58641, 58642-58654, 58655-58657, 58658-58660, 58988-59004, 59070, 59084-59088, 59292-59293 (unredacted), 59616-59617, 60260-60262, 62506, 62507-62513, 62515-62532, 62603-62604, 63359-63360, 64890-64894, 65027, 65120-65154, 65475-65483, 90045, 90046, 90047-90048, 90049, 90050-90053, 90054-90056, 90057, 90058, 90059, 90092-90098.

The court also sustains Defendant's Motion for a Protective

Order concerning the matters discussed in these above-listed documents as testimony concerning a third-party(s) is prohibited from disclosure by Section 6103(a).

**2. <u>Documents Covered by the Investigative Privilege</u>**

The United States has interposed an objection to production of certain documents based on the investigative privilege and relevance. In response, Plaintiffs argue that the investigative privilege is applicable only in the context of an ongoing criminal investigation, citing <u>In re United States Department of Homeland Security</u>, 459 F.3d 565 (5th Cir. 2006). In <u>In re United States Department of Homeland Security</u>, the Department of Homeland Security ("DHS") attempted to collect on more than one thousand defaulted immigration bonds. The bonding companies sued, seeking to stop DHS from collecting on the defaulted bonds. DHS countersued for the outstanding bond debt. As a part of an alternative dispute resolution, the parties agreed to review fifty bond breaches and DHS agreed to produce the respective alien's file for the review. DHS produced some parts of each alien's file, but withheld other parts on the ground that the documents fell under the law enforcement privilege because they related to the enforcement of civil and criminal immigration laws.

The court found that the privilege existed to protect on-going criminal investigations but that it did not last indefinitely, and expired "upon the lapse of an unreasonable length of time." <u>In re</u>

United States Dep't of Homeland Sec., 459 F.3d at 568-69. In dicta, the court found that several types of information, such as information concerning violations of civil provisions, would not be covered by the law enforcement privilege. In re United States Dep't of Homeland Sec., 459 F.3d at 571. In light of this case law, the court cannot sustain the Defendant's claim to an investigative privilege in the present case. However, most of these documents submitted for in camera review are from examinations of third parties, making the documents not available for disclosure pursuant to Section 6103(a), as discussed above. Those documents are: 32368-32378, 32388-32399, 32446-32457, 32458-32475, 32434-32549, 32550-32629, 33308, 40720-40821, 40857-40868, 40891-40897, 40898-40932, 40933-41002, 41003-41026, 41028-41073, 41074-41530, 41531-41846, 41899-41905, 42386-42550, 42551-42566, 43694-43764, 62506, 62507-62513, 62515-62532, 62603-62604, 63359-63360, 63393, 65475-65483.

The government's claim of investigative privilege on documents 12583, 33605-33613, 33678-33680 is overruled.[1] A few documents for which Defendant claimed an investigative privilege do not relate to the Millennium Plan or any taxpayer in particular but concern tax administration or audit strategy generally. One document, 40355-40415, is a Powerpoint presentation to revenue agents outlining the methods, scope, and direction of welfare plan audits in general.

---

[1] These documents are subject to the deliberative privilege.

It makes no mention of the Millennium Plan. Another document, 41859-41890, has no particular relevance to the Millennium Plan or any individual plaintiff, but is an enforcement guide for revenue agents examining 26 U.S.C. § 419 plans. The court finds that these documents are not relevant to the present dispute between the parties and sustains the government's objection to production of the documents. Criteria to be used in pending examinations is not relevant to the present lawsuit.

### 3. Documents Covered by the Attorney-client Privilege

The attorney-client privilege protects communications between an attorney and his or her client that are intended to be confidential. Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). "[T]he privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." Upjohn Co., 449 U.S. at 390. In Upjohn Company, the Court noted that in the corporate context, it is frequently the middle-level and lower-level employees who have the relevant information needed by corporate counsel, if he or she is to adequately advise the client, and who need the advice in return. Upjohn Co., 449 U.S. at 391. After review of the records, the court finds that the Defendant has demonstrated that the following documents are protected by the attorney-client privilege:

    1992-2010, 2250-2259, 2563-2578, 2682-2685, 2720, 2723-2726,

2893-2896, 2897-2901, 2902-2904, 2905-2908, 2909-2912, 2916-2918, 2924-2925, 2968-2970, 3436-3446, 3471, 3500-3503, 3506-3508, 3938-3965, 3983, 4061-4064, 4065-4066, 4067, 4093-4096, 4162, 4206-4208, 5160-5165, 30113-30115, 30315-30320, 31038-31039, 31278-31280, 32881-32901, 32902-32918, 32930-32931, 33170-33172, 33260-33263, 33308, 33665-33666, 33667-33672, 33690, 52333-52336, 52799-52806, 58324-58326, 63861-63867, 63868-63869, 90047-90048, 90050-90053, 90054-90056, 90092-90098.[2]

### 4. Documents Covered by the Deliberative Privilege

The deliberative privilege protects governmental materials that are predecisional and deliberative. Nat'l Labor Relations Bd. v. Sears, Roebuck & Co., 421 U.S. 132, 151-52 (1975); Wolfe v. Dep't of Health & Human Servs., 839 F.2d 768, 774 (D.C. Cir. 1988). The documents submitted concern predecisional communications related to the Millennium PLR as well as predecisional communications involving third parties. The court sustains Defendant's claim of a predecisional privilege on the following documents: 003, 034, 043, 104, 385-386 (unredacted), 390-391, 521-522, 664, 665, 666, 668, 669, 670, 671, 673, 885-886, 1095-1097, 1136-1137, 1202, 1208, 1413-1426, 1454-1455, 1779, 2018-2019, 2053, 2071-2073, 2083, 2100-2101, 2197-2203, 2226-2227, 2250-2259, 2508-2518, 2563-2578, 2643-2646 (unredacted), 2648-2651, 2673, 2682-

---

[2] Other privileges may also apply to many of these documents, most notably, the preclusion against disclosure of tax return information of third parties.

2685, 2686-2689, 2720, 2841-2842, 2843-2844, 2849-2851, 2861-2862, 2893-2896, 2897-2901, 2902-2904, 2905-2908, 2909-2912, 2916-2918, 2924-2925, 2930, 2931-2932, 2968-2970, 3008, 3094-3107, 3436-3446, 3469, 3471, 3472-3477, 3478-3483, 3485-3488, 3490-3491, 3495, 3496-3498, 3499, 3500-3503, 3506-3508, 3563-3566, 3568-3574, 3587-3596, 3611-3613, 3659-3661, 3681, 3673-3675, 3684-3692, 3703-3711, 3712-3721, 3722-3723, 3724-3727, 3728-3735, 3736-3739, 3740-3745, 3746-3747, 3749-3753, 3755, 3758, 3761-3768, 3769-3782, 3784-3829, 3831-3855, 3859, 3860-3863, 3864-3871, 3872-3874, 3877-3885, 3886-3887, 3888-3897, 3901-3903, 3908-3911, 3913-3915, 3918-3921, 3922-3927, 3938-3965, 3983, 4065-4066, 4093-4096, 4131, 4133-4135, 4139, 4162, 4167-4168, 4188, 4197-4199, 4201-4205, 4206-4208, 4209-4213, 4237-4239, 4282-4294, 4333-4334, 4335-4337, 5132, 5160-5165, 5179-5183, 5226-5235, 5236-5237, 5238, 5242, 5253-5260, 5261, 5262-5277, 5282-5296, 12583, 20002-20004, 20046-20047, 20053-20055, 20096-20097, 20118-20125, 20143-20144, 20156-20159, 30039-30040, 30041-30044, 30047, 30048-30050, 30113-30115, 30176, 30401, 30405-30406, 32446-32447, 32881-32901, 32902-32918, 32930-32931, 33049-33054, 33170-33172, 33260-33263, 33516-33520, 33539-33540, 33549, 33554-33558, 33663, 33569-33580, 33603, 33605-33613, 33665-33666, 33667-33672, 33678-33680, 33690, 40720-40821, 40857-40868, 41028-41073, 41074-41530, 41531-41846, 41899-41905, 42386-42550, 42551-42566, 43694-43764, 52333-52336, 58324-58326, 58376-58377, 58655-58657, 59071-59073, 59616-59617, 62506, 62507-62513, 62515-62532, 62603-

62604,62605-62606, 66359-63360, 63393, 63545-63558, 63861-63867, 65155-65206, 65309-65326, 65399-65400, 85811-85816, 90045, 90046, 90047-90048, 90050-90053, 90054-90056, 90058, 90092-90098.[3]

Defendant's claim of deliberative privilege on document 33569-33580 is overruled. The court will reconsider this determination if additional information is submitted within ten business days.

**5.   Attorney Work Product Privilege**

The attorney work product privilege, first announced by the Court in Hickman v. Taylor, 329 U.S. 495, 510 (1947), protects the written statements, private memoranda and personal recollections prepared or formed by an attorney in the course of his or her legal duties. Upjohn Co., 449 U.S. at 399. This has been incorporated into Federal Rule of Civil Procedure 26(b)(3)(B), which states that the court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."

The court finds that the following documents are privileged as attorney work product: 3478-3483, 3495, 3499, 3938-3965, 4061-4064, 4067, 4162, 4206-4208, 5132, 5236-5237, 20002-20004, 20046-20047, 20053-20055, 20088, 20096-20097, 20143-20144, 30039-30040, 30041-30044, 30047, 30048-30050, 30113-30115, 30171-30175, 30176, 30315-30320, 30405-30406, 31038-31039,32446-32447, 32881-32901, 32902-

---

[3]   Other privileges may also apply to many of these documents, most notably, the preclusion against disclosure of tax return information of third parties.

32918, 32930-32931, 33170-33172, 33260-33263, 33549, 33603, 33605-33613, 33663, 33665-33666, 33667-33672, 33678-33680, 33690, 58376-58377, 59616-59617, 64890-64894, 65475-65483.[4]

Defendant has not sustained its claim of attorney work product for document 33569-33580. The court will reconsider this determination if additional information is submitted within ten business days.

### 6. Documents Containing Information that Would Impair Tax Administration

Section 6103(e)(7) permits disclosure of tax return information to persons having a material interest in the information if the Secretary of the Treasury determines that disclosure "would not seriously impair Federal tax administration." Typically, this is interpreted to mean that an individual may have access to his own tax return information unless the Secretary determines that such access would seriously impair federal tax administration. Lindsteadt v. Int. Rev. Serv., 729 F.2d 998, 1000-01 (5th Cir. 1984). The IRS bears the burden of sustaining a decision to withhold information under this section. Chamberlain v. Kurtz, 589 F.2d 827, 841 (5th Cir. 1979). While the Defendant has not definitively explained how disclosure of each document would impair federal tax administration, after reviewing the

---

[4] Other privileges may also apply to many of these documents, most notably, the preclusion against disclosure of tax return information of third parties.

13

documents, not much explanation is truly necessary. Disclosure would release the IRS's road map on planned examinations and has nothing to do with Millennium's wrongful disclosure claims. Even if the court were to determine that the IRS has not carried its burden, the documents are not disclosable under other privileges. The following documents concern examinations and planned examinations of third parties to this lawsuit: 4241, 4247-4249, 4279-4281, 30113-30115, 30315-30320, 31660, 32368-32373, 32388-32399, 32446-32447, 32458-32475, 32534-32549, 32550-32629, 33308, 58608-58654, 58655-58657, 58658-58660, 58627-58638, 58638-58641, 58642-58654, 58988-59004, 59084-59088.

Documents 5132, 30113-30115, 32446-32447, and 33308, concern, in part, the Millennium Plan but the court has sustained other privileges with respect to those documents.

### 7. **Non-responsive Documents**

The court has reviewed documents 40323-40354, 59864-59869, 62463-62472, 64904-64908, 64913-64917, 64952-64960, 65120-65154 and finds them to be non-responsive and not relevant to the present dispute.

### 8. **Other Documents**

The following documents were submitted to the court without an explanation of the privilege claimed: 2913-2915, 3618-3620, 20098-20100, 33173-33176, 33178-33181, 33182-33211, 59052-59068, 64993-64994, 90061, 90062-90064, 90065-90066, 90067-90068, 90069-90072,

90073-90076, 90077-90081.  If the government is claiming a privilege with respect to those documents, additional information must be submitted within ten business days.

**B.   Defendant's Motion for Protection**

Plaintiffs served subpoenas to five IRS employees commanding production of documents and testimony concerning fourteen categories of information. Defendant seeks protection on eleven of the categories on grounds that those lines of inquiry were not relevant to whether the IRS or its employees made unauthorized disclosures under Section 6103 or 5 U.S.C. § 552a. The court agrees with Defendant. Quite simply, it is not relevant to the present suit whether the Millennium Plan is similar to those identified in Treasury Notice 95-34, whether the Millennium Plan satisfies the requirements of 26 U.S.C. § 419A(f)(6), whether the PLR is factually and/or legally correct, how taxpayers or participating employers were selected for audit or matters related to the processing or handling the Global Settlement Initiative relative to taxpayers who were clients of the Millennium Plan. While Plaintiffs argue that Defendant's intent in making disclosures is discoverable, the issue of damages has been bifurcated; claims of bad faith are relevant to punitive damages and may be discovered during that phase of this action.

As discussed above in more detail, Section 6103(a) bars discovery of third-party taxpayer matters.

Accordingly, Plaintiffs may have discovery on items 3, 12 and 14 of the subpoenas duces tecum.  Defendant's motion for protective order is **GRANTED** on items 1, 2, 4-11, and 13.

**SIGNED** this 30th day of July, 2008, in Houston, Texas.

Nancy K. Johnson
United States Magistrate Judge