```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF TEXAS
                           HOUSTON DIVISION

MILLENNIUM MARKETING GROUP,     §
LLC, et al.,                    §
                                §
          Plaintiffs,           §
                                §     Civil No. H-06-962
v.                              §
                                §
UNITED STATES of AMERICA,       §
                                §
          Defendant.            §
```

**MEMORANDUM AND RECOMMENDATION**

Presently pending before the court is the United States of America's Motion for Summary Judgment (26 Individual Plaintiffs), Docket Entry No. 122, the United States of America's Motion for Summary Judgment (40 Individual Plaintiffs), Docket Entry No. 123, and Plaintiffs' Cross-Motion Pursuant to Rule 56(f), Docket Entry No. 133. For the reasons discussed below, it is **RECOMMENDED** that the Defendant's motions be **GRANTED** and that Plaintiffs' motion be **DENIED**. Defendant's Motion to Strike the Declaration of David P. Marcus (Docket Entry No. 199) is **GRANTED IN PART**.

## I. Case Background

In the present suit, sixty-six individuals seek damages and injunctive relief against the United States for wrongful disclosures of personal indentifiable information pursuant to the 5 U.S.C. § 552a ("Privacy Act") and tax return information pursuant to 26 U.S.C. § 7431. The United States has moved for summary judgment on all claims made by the individual plaintiffs on the

grounds that they have admitted in requests for admission that they have no evidence to support their claims. Plaintiffs have cross-moved for a continuance to allow for discovery on their claims prior to any ruling by the court.

## II.  Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Brown v. City of Houston, Tex., 337 F.3d 539, 540-41 (5th Cir. 2003). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. Anderson, 477 U.S. at 250; TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th

Cir. 1992). If the moving party can show an absence of record evidence in support of one or more elements of the case for which the nonmoving party bears the burden, the movant will be entitled to summary judgment. Celotex Corp., 477 U.S. at 322. In response to a showing of lack of evidence, the party opposing summary judgment must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating that genuine issues of material fact do exist that must be resolved at trial. Id. at 324.

When considering the evidence, "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party." Evans v. City of Houston, 246 F.3d 344, 348 (5th Cir. 2001); see also Boston Old Colony Ins. Co. v. Tiner Assocs. Inc., 288 F.3d 222, 227 (5th Cir. 2002). The court should not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." Honore v. Douglas, 833 F.2d 565, 567 (5th Cir. 1987).

However, the nonmoving party must show more than "some metaphysical doubt as to the material facts." Meinecke v. H & R Block of Houston, 66 F.3d 77, 81 (5th Cir. 1995). Conclusory allegations, unsubstantiated assertions, improbable inferences, unsupported speculation, or only a scintilla of evidence will not carry this burden. Brown, 337 F.3d at 541; Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002). The court must grant summary

judgment if, after an adequate period of discovery, the nonmovant fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp., 477 U.S. at 322.

### III.  Analysis

Defendant United States claims that, based on the individual plaintiffs' answers to requests for admission, it is entitled to summary judgment on their claims asserted under the Privacy Act and 26 U.S.C. § 7431.[1]

Plaintiffs' first claim arises under the Privacy Act.  The Privacy Act "safeguards the public from unwarranted collection, maintenance, use and dissemination of personal information contained in agency records . . . by allowing an individual to participate in ensuring that his records are accurate and properly used."  Henke v. U.S. Dep't of Commerce, 83 F.3d 1453, 1456 (D.C.Cir. 1996)(quoting Bartel v. Fed. Aviation Admin., 725 F.2d 1403, 1407 (D.C.Cir.1984)).

The Privacy Act permits four causes of action: (1) for an

---

[1] The United States filed two motions for summary judgment, differing only as to whether an individual plaintiff approved his attorney's response to the requests for admission before the answers were served on Defendant (Docket Entry No. 123) or not (Docket Entry No. 122). Rule 36 permits an attorney to sign requests for admission. Federal Rule of Civil Procedure 36(a)(3). The court does not believe that the United States' argument that, without the express approval from the client, counsel's signature on the answers to requests for admission was "ultra vires" and, therefore, was not a proper or timely response to the requests for admission, needs to be addressed. The court therefore considers both motions together.

agency's failure to amend an individual's record pursuant to his request;[2] (2) for an agency's denial of access to an individual's records;[3] (3) for an agency's failure to maintain an individual's records with accuracy, relevance, timeliness, and completeness;[4] and (4) for an agency's failure to comply with other Privacy Act provisions, which has an adverse effect on the individual.[5] Jacobs v. Nat'l Drug Intelligence Ctr., 423 F.3d 512, 515 (5th Cir. 2005). It appears that Plaintiffs assert claims under the fourth type of cause of action, 5 U.S.C. § 552(g)(1)(D).[6]

In order to state a claim under Section 552a(g)(1)(D), a plaintiff must prove: (1) that the disclosure was made from a "system of records" as that term is defined by the Privacy Act; (2) that the disclosure was willful and had an adverse impact on him; and (3) that the disclosure did not fall within one of twelve statutory exceptions. Jacobs, 423 F.3d at 521-22.

Plaintiffs' second claim arises under Section 7431 of the Internal Revenue Code. Section 7431 provides a cause of action against the United States if a federal employee or official

---

[2] 5 U.S.C. § 552a(g)(1)(A).

[3] 5 U.S.C. § 552a(g)(1)(B).

[4] 5 U.S.C. § 552a(g)(1)(C).

[5] 5 U.S.C. § 552a(g)(1)(D).

[6] Although not expressly pled in the amended complaint, the court assumes that Plaintiffs contend that Defendant violated 5 U.S.C. § 552a(b) which generally prohibits the disclosure of any record which is contained in a system of records by any means of communication to any person, unless the disclosure falls within one of twelve statutory exceptions.

knowingly or negligently violates the confidentiality provisions of 26 U.S.C. § 6103. Section 6103 states in relevant part:

> Returns and return information shall be confidential, and except as authorized by [the Internal Revenue Code], no officer or employee of the United States . . . shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise under the provisions of this section.

In order to state a causes of action under Section 7431 based on Section 6103, Plaintiffs must show that the Internal Revenue Service ("IRS") disclosed "return" or "return information" as those terms are defined by the statute, that the disclosure was made knowingly or negligently, and that the disclosure violated Section 6103. <u>Wilkerson v. United States</u>, 67 F.3d 112, 115 (5th Cir. 1995).

In support of its motions, the United States proffers Plaintiffs' admissions that they have (1) no personal knowledge or admissible evidence of unlawful disclosures of any of their returns by the IRS; (2) no personal knowledge or admissible evidence of unlawful disclosures of any of their return information by the IRS; and (3) no personal knowledge or admissible evidence of unlawful disclosures by the IRS of any record that is contained in a system of records pertaining to Plaintiffs.[7] These admissions, standing alone, are sufficient to warrant the entry of summary judgment against the individual Plaintiffs' claims as they admit they have

---

[7] United States' Motion for Summary Judgment (40 Individual Plaintiffs), Docket Entry No. 123, Ex. 576, Response of Individual Plaintiffs to Defendant United States' First Set of Requests for Admissions to Individual Plaintiffs.

no evidence to support their claims.

On December 5, 2007, Plaintiffs opposed the entry of summary judgment based on these admissions and sought a stay of consideration of Defendant's motions until sufficient discovery had been concluded.[8]

After that motion was filed, the parties have taken depositions, exchanged written discovery and engaged in discovery disputes concerning numerous documents requiring an *in camera* inspection by the court. As over nine months have passed since Plaintiffs requested additional time pursuant to Rule 56(f), the court finds that Defendant's motions for summary judgment are ripe for consideration.

Plaintiffs have not sought to withdraw any of their admissions and they remain the basis for the United States' motions for summary judgment. In opposition to Defendant's motions, on August 25, 2008, Plaintiffs submitted the declaration of David Marcus, one of their counsel of record in this action.[9] In response, the United States filed a motion to strike the Marcus Declaration.[10]

---

[8] See Plaintiffs' Cross-Motion Pursuant to Rule 56(f), Docket Entry No. 133.

[9] Declaration of David P. Marcus, Esq., in Supplement to Opposition to Defendant's Motion for Summary Judgment Against 63 Individual Plaintiffs ("Marcus Declaration"), Docket Entry No. 196. Several days later, Plaintiffs submitted an amended declaration of Mr. Marcus. See Amended Marcus Declaration, Docket Entry No. 206. It differs from the earlier declaration only by the inclusion of a statement that it was made under penalty of perjury. Accordingly, the court refers to both declarations as the "Marcus Declaration."

[10] See Docket Entry No. 199.

In the Marcus Declaration, Marcus recounts a portion of the testimony of IRS Revenue Agent Samantha Hunt.[11] In her deposition, Revenue Agent Hunt stated that in the latter part of 2005, she received a list of Millennium Plan participants from her manager and, based on that list, opened audits on those individuals.[12] Revenue Agent Hunt testified that she could not recall the number of names on the list, other than it was more than ten.[13] She was not asked the number of audits she opened pursuant to that list and the declaration does not indicate if she could recall the name of any person either on the list or who was audited as a result of her receipt of the list.

Marcus also avers that former defense counsel, Michael Salem, told him that the Millennium Plan participants' names [presumably referring to the Hunt list] were revealed to the IRS by a third-party taxpayer under examination.[14] Based on this information, Marcus states that "[l]ogic dictates" that (1) the IRS sought this information from an individual that was not the Millennium Plan and that it did so without notice to Millennium or its participants, (2) the receipt of this information "strongly suggests" that the IRS made wrongful disclosures to obtain the names of Millennium

---

[11] Marcus Declaration, Docket Entry No. 196, p. 2.

[12] Id.

[13] Id.

[14] Id. at p. 3.

Plan participants without employing a proper legal process, and (3) the only "proper" forum for obtaining this information would have been to commence an audit of Millennium or the participants and seek the information from the entity under examination.[15]

The remainder of the Marcus Declaration concludes that in light of the above statements, Plaintiffs have shown that the IRS has made "wrongful and unlawful" disclosures of Plaintiffs' return information.[16]

Defendant objects to most of the Marcus Declaration as hearsay, improper innuendo, and speculation, none of which is competent evidence to defeat a motion for summary judgment. The court agrees. Unsupported allegations or affidavits setting forth legal conclusions are insufficient to overcome a motion for summary judgment. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

Accordingly, the court **GRANTS** Defendant's motion to strike the first sentence of paragraph two, the second sentence of paragraph three, and the entirety of paragraphs four, five, six and seven of the Marcus Declaration as incompetent summary judgment evidence. This leaves as competent evidence opposing summary judgment the Hunt testimony and, assuming Plaintiffs could obtain it in admissible form, the statement attributed to Mr. Salem.

---

[15]   Id. at pp, 3-4.

[16]   Id.

Considering as established, then, that the IRS learned of the names of unidentified Plan participants during the audit of a third party, Plaintiffs have failed to raise a fact issue that any Plaintiff's return information or other personal information was disclosed by the IRS during that audit. Plaintiffs have put forward no evidence to support their claims under either the Privacy Act or Section 7431.

The court further finds that Plaintiffs' theory of liability is so speculative that it does not warrant any additional time for discovery prior to ruling on Defendant's motions that have been pending since November 2007. A party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts" but must show how the additional discovery will defeat the summary judgment motion. <u>Int'l Shortstop, Inc. v. Rally's, Inc.</u>, 939 F.2d 1257, 1267 (5th Cir. 1991)(quoting <u>Sec. & Exch. Comm. v. Spence & Green Chem. Co.</u>, 612 F.2d 896, 901 (5th Cir. 1980)). Here, Plaintiffs have not met their burden to show that additional time would produce material evidence which would be potentially favorable to them. The court has delayed consideration of Defendant's motions for over nine months; it can delay no more.

### IV. Conclusion

In light of the foregoing, it is **RECOMMENDED** that Defendant's Motions for Summary Judgment (Docket Entry Nos. 122 and 123) be **GRANTED** and that Plaintiffs' Cross-Motion Pursuant to Rule 56(f) be

**DENIED**. Defendant's Motion to Strike the Declaration of David P. Marcus (Docket Entry No. 199) is **GRANTED IN PART**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have ten days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 5th day of September, 2008.

Nancy K. Johnson
United States Magistrate Judge