UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILLENNIUM MARKETING GROUP, LLC, *et al.*, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-962 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Defendant.* | § | |

MEMORANDUM OPINION & ORDER
AFFIRMING MAGISTRATE JUDGE'S ORDERS AND
ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Pending before the court are:

(1) plaintiffs' appeal (Dkt. 190) from the magistrate judge's order (Dkt. 181) granting in part and denying in part defendant's motion for protective order (Dkt. 171) and plaintiffs' motions to compel certain documents defendant contends are privileged or protected by law (Dkts. 163, 168) and from the magistrate judge's order (Dkt. 187) sustaining the claimed privileges for the redacted portions of the documents (collectively, the "Appealed Orders");

(2)  the magistrate judge's memorandum and recommendation (Dkt. 207), and the plaintiffs' objections[1] thereto (Dkt. 213), recommending defendant's motions for summary judgment (Dkts. 122–23) be granted and plaintiffs' cross-motion for an extension of discovery (Dkt. 133), pursuant to Federal Rule of Evidence 56(f), be denied, and granting in part defendant's motion to strike the declaration of David P. Marcus (Dkt. 199); and

---

[1] Objection of Plaintiffs Vollersten and Cranford (Dkt. 214) was withdrawn on September 23, 2008.  Dkt. 216.

(3) plaintiffs Danny Cranford, Randa Vollersten, and Steven Vollersten's motion to withdraw their objection (Dkt. 215) to the Magistrate's orders and motion for *de novo* review by the district court (Dkt. 208).

After reviewing the record and applicable law the court AFFIRMS the magistrate judge's Appealed Orders. Further, the court is of the opinion that the plaintiffs' objections be OVERRULED and the magistrate judge's memorandum and recommendation be ADOPTED, with the following additional discussion.[2] Finally, the court GRANTS plaintiffs Cranford and Vollersten's motion to withdraw objection to the magistrate judge's orders and motion for *de novo* review by the district court.

## BACKGROUND[3]

Sixty-six individuals have filed suit against the United States seeking damages and injunctive relief for alleged violations of 5 U.S.C. § 552a ("Privacy Act") and 26 U.S.C. § 7431 ("§ 7431"), and an injunction to prevent further withholding of documents under the Freedom of Information Act ("FOIA"). Dkt. 122. Three plaintiffs filed an unopposed motion to dismiss their claims without prejudice on September 23, 2008, which has been granted by the court. Dkts. 217–18. Therefore, the court's order is binding as to the remaining plaintiffs.

---

[2] The court does not reiterate portions of the memorandum and recommendations with which it concurs. Rather, it focuses on additional points of discussion and clarification.

[3] A more extensive statement of the factual background of the case is contained in defendant's motions for summary judgment, plaintiffs' cross-motion, and plaintiffs' appeal. Dkts. 122–23, 133.

ANALYSIS

## I. Standards of Review

Pursuant to Federal Rule of Civil Procedure 72(a), a district court conducts a clearly erroneous review of nondispositive orders issued by a magistrate judge. FED. R. CIV. P. 72(a). Therefore, because the Appealed Orders are not dispositive, they will be reviewed by this court to determine whether they are clearly erroneous or contrary to law.

In contrast, Federal Rule of Civil Procedure 72(b) pertains to dispositive motions and requires the district court to review *de novo* the portions of the magistrate judge's recommendation to which the nonmovant has *properly objected*. FED. R. CIV. P. 72(b). Based on its review, the district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* The summary judgment motions and cross-motion of plaintiffs are dispositive. Thus, the final determination will be made based on the court's *de novo* review.

This case presents issues of "nested" standards of review. Although plaintiffs' make the same arguments in both the Appealed Orders and their objection to the magistrate judge's memorandum and recommendation, the standards of review differ. For this reason, the Appealed Orders were reviewed separately, under the clearly erroneous standard. Because, as outlined below, the Appealed Orders were not clearly erroneous or contrary to law, they are not reviewed again *de novo*. *See* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment . . . . A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order

3

is *clearly erroneous or contrary to law*." (emphasis added)).  Indeed, it would be a strange result if

a party could obtain a more discretionary standard of review than that generally required under the

Federal Rules of Civil Procedure on a nondispostive order merely by objecting to it in response to

a dispositive motion.  *Cf. Vaquillas Ranch Co. v. Texaco Exploration & Prod., Inc.*, 844 F. Supp.

1156, 1162–63 (S.D. Tex. 1994) ("If too many motions are added to the list of those which a

magistrate judge may not determine, the purpose of the magistrate judge system is defeated and they

become little more than super briefing clerks, writing recommendations that the district court must

review *de novo.* The district courts thus are relieved of little if any of their case load and an entire

level of the federal judiciary is relieved of its ability to assist in managing that case load.").

## II.  The Intersection of the 5 U.S.C. § 552a, 26 U.S.C. § 6103, and 26 U.S.C. § 7431

> To maintain a damages claim under subsection (g)(1)(D) for a violation of the Privacy Act's
> central prohibition against disclosure, a plaintiff must show four elements: (1) the
> information is covered by the Act as a 'record' contained in a 'system of records'; (2) the
> agency disclosed the information; (3) the disclosure had an adverse effect on the plaintiff (an
> element with two components: (a) an adverse-effect standing requirement; and (b) a causal
> nexus between the disclosure and the adverse effect); and (4) the disclosure was willful or
> intentional.

*Smith v. Nicholson*, 516 F. Supp. 2d 832, 838–39 (S.D. Tex. 2007) (Rosenthal, J.).  The primary

element at issue in this case is that of a willful or intentional disclosure.  The Fifth Circuit has "held

that in order to establish that an agency acted intentionally or willfully within the meaning of the

Privacy Act , the plaintiff must show that the agency acted *grossly negligent*."  *Carrington v. United*

*States*, 1995 WL 29316,*1 (5th Cir. Jan. 17, 1995) (per curiam) (citing *Chapman v. National*

*Aeronautics & Space Admin.,* 736 F.2d 238, 243 (5th Cir. 1984) (per curiam), *cert. denied,* 469 U.S.

1038 (1984)) (emphasis added).  General intent does not suffice, a willful or intentional (i.e. grossly

negligent) *disclosure* is required.

In comparison, "Section 6103(a) of the I.R.C. states the general rule that tax returns and tax return information are confidential and may not be disclosed by any federal or state officer 'except as authorized by this title.'  Section 7431 creates a federal cause of action for civil damages for unauthorized disclosures of returns and return information in violation of § 6103." *Hobbs v. United States*, 209 F.3d 408, 410 (5th Cir. 2000).  Section 7431 grants relief "[i]f any officer or employee of the United States knowingly, or by reason of negligence, . . . discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages . . . ." 26 U.S.C. § 7431(a)(1).  Notably, § 7431 also does *not* require intent; negligent disclosure will suffice for the purposes of establishing liability.

"[T]he majority of courts that have considered the interaction of § 6103 with the Privacy Act, 5 U.S.C. § 552a, have concluded that § 6103 and § 7431 provide the exclusive remedy for disclosures of tax return information." *Hobbs*, 209 F.3d at 411 (citing multiple cases for the proposition).   In fact, if a plaintiff could "maintain a suit under the Privacy Act even where his § 7431 damages action was unsuccessful, this would punish the IRS for disclosing tax return information it was authorized to disclose under the express terms of § 6103." *Id.* at 412.

Section 6103 is "dedicated entirely to confidentiality and disclosure issues related to tax returns and tax return information." *Id.*  "The Privacy Act, by contrast, prohibits disclosures at a generic level, providing that '[n]o agency shall disclose any record which is contained in a system of records.'" *Id.* (quoting 5 U.S.C. § 552a(b)) (alternation in original).  Consistent with the "principle that 'a precisely drawn, detailed statute preempts more general remedies,'" § 6103 "should preempt the more general remedies of the Privacy Act." *Id.* (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 734 (1989)).  Therefore, for the purposes of this inquiry, we focus primarily upon

plaintiffs' claims pursuant to § 6103 and § 7431; but reiterate that either claim could be established without "intent."

### III. The Appealed Orders

The following elements of the Appealed Orders are challenged by plaintiffs: the magistrate judge improperly narrowed the scope of depositions via the protective order; the magistrate judge's finding that the IRS's good faith and intent were issues of damages and not liability was erroneous; and the magistrate judge erred in upholding defendant's assertion of various privileges. Dkt. 190. The court finds that none of the plaintiffs' claimed errors are clearly erroneous or contrary to law.

"[A] protective order may issue only upon a showing of good cause. 'Good cause' exists when justice requires the protection of 'a party or person from annoyance, embarrassment, oppression, or undue burden or expense.' The burden is upon the movant to prove the necessity of a protective order, 'which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.' If both of these requirements are proven, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense.'" *Gulotta v. GE Capital Modular Space*, 2005 WL 1431692, *2–3 (E.D. La. May 31, 2005) (internal citations omitted). The court exercises discretion in determining whether to issue a protective order. *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 482 (10th Cir. 1995).

In light of the previous statutory analysis, specifically with respect to intent, it was within the discretion of the magistrate judge to limit discovery to those areas relevant to the claims at issue and information reasonably believed to lead to admissible evidence related to these elements. It is certainly reasonable that discovery efforts and endeavors not relevant to the elements of the claims

in this phase of the trial would not only be an annoyance, but also burdensome and costly.  "Courts have also recognized that 'the legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery.'"  *Sal Ciolino & Assoc. v. First Extended Servs.*, 2006 WL 1581248, *2 (E.D. La. May 17, 2006) (quoting *Zenith Elecs. Corp. v. Exzec, Inc.*, 1998 WL 9181, *3 (N.D. Ill. Jan. 5, 1998)).

In this case, the parties agreed to bifurcate the liability and damages phases of the trial.  In order to expand discovery, e.g. into "intent," plaintiffs first need to obtain some evidence that a disclosure occurred.  Moreover, plaintiffs' characterization of "intent" as it pertains to defendant's good faith defense to liability is misguided.  Support for such a "phased approach" to discovery and a more accurate interpretation of "intent" is outlined in *Payne v. United States*, 289 F.3d 377 (5th Cir. 2002).  In *Payne*, the court specifically addressed good faith in the context of the government's defense to disclosure.  The *Payne* court couched the assessment of good faith as pertaining to the agent's interpretation of whether the disclosure was permitted under § 6103, i.e. the agent's good faith *interpretation of the law*.  *Payne*, 289 F.3d at 384–85.  Additionally, the court endorsed the approach to the good faith inquiry applied in *Siegert v. Gilley*, 500 U.S. 226 (1991), a civil rights case.  *Payne*, 289 F.3d at 365 n.2.  The *Payne* court observed that the "court should determine whether an error [i.e. an improper disclosure] has actually been committed before considering whether the [disclosing individual] acted in bad faith."  *Id.*

Further, the magistrate judge conducted extensive reviews of defendant's submissions and the privilege log and understood the content and privileges applicable to much of the requested information.  Her determination that certain categories of information were irrelevant was not made

based on conclusory statements or unfounded allegations.  In conclusion, the court cannot conclude that the Appealed Orders are contrary to law or clearly erroneous.

## IV. Defendant's Motions for Summary Judgment[4]

The court adopts the magistrate judge's memorandum and recommendation in full, both her reasoning and result.[5]  The court addresses the objections of plaintiffs, incorporating its aforementioned analysis.

Plaintiffs object to the magistrate judge's reliance upon the responses of plaintiffs to defendants request for admissions, specifically as to whether plaintiffs have personal knowledge or admissible evidence of disclosures by the IRS, notwithstanding the fact that plaintiffs, only one page later, "do not contest the fact they do not have personal knowledge of these disclosures."  Dkt. 213. Plaintiffs again assert the arguments expressed in their appeal of the magistrate judge's discovery orders as the basis for their inability to admit or deny whether the disclosures were made.[6]  *Id.* Plaintiffs' argument also proceeds that "[j]ust because plaintiffs do not have personal knowledge of these unlawful disclosures does not mean that the disclosures did not occur."  *Id.*  In fact "[i]t is *for this very reason* that plaintiffs cross-moved . . . ."  *Id.* (emphasis added).  However, the converse is also true; the lack of personal knowledge and admissible evidence does not raise a genuine question as to whether the disclosures occurred.  Even if the court ignores the admissions, as plaintiffs argues

---

[4] Portions of the court's reasoning *de novo* inquiries into the law and record relevant to the summary judgment review are addressed above.  The court applied the appropriate standards of review to each section, but included the more detailed information unearthed during its *de novo* review earlier in the opinion to enhance clarity and track the chronological flow of the case.  Thus, the court does not repeat the applicable portions of its prior reasoning.

[5] Likewise, the court does not duplicate portions of the magistrate judge's memorandum and recommendation with which it concurs.

[6] Having previously discussed the Appealed Orders, and finding that they were not clearly erroneous or contrary to law, the court does not revisit them.

is proper,[7] there is still a lack of evidence of the alleged disclosures. While  plaintiffs make much

of  IRS Agent Hunt's testimony, her testimony merely establishes that she received a list of

Millennium Plan participants from her supervisor and conducted examinations on some of them.

Dkt. 196.  But, Hunt does not know how the list was obtained, nor could she recall the number of

names on the list.  *Id.*  Plaintiffs also allege that former defense counsel indicated that the names of

Millennium Plan participants were provided by a third-party taxpayer under investigation.  *Id.*  From

these statements, plaintiffs conclude, amongst other things, that (1) the IRS sought the information

from a non-participant in the Millennium Plan and (2) wrongful disclosures were made to obtain the

list.  The court is not prepared to make these leaps of logic with plaintiffs.  In fact, such speculation

and unreasonable inferences are insufficient to meet the burden of establishing a genuine issue of

material fact as to a required element of the claim on which the nonmovant bears the burden of proof

at trial.  *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).  Ultimately, the absence of

evidence creating a genuine issue of fact as to a required element of the claim entitles the movant

to summary judgment.  *See, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## V. Plaintiffs' Cross-Motion Pursuant to Federal Rule of Civil Procedure 56(f)

Plaintiffs object to the magistrate judge's denial of plaintiffs' cross-motion, pursuant to

---

[7]  Plaintiffs claim defendant's request for admissions seeks improper conclusions of law, as opposed to facts.  However, plaintiffs do not indicate that they objected to the requests at the time.  *See, e.g.*, Dkt. 133.

When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.  "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."

*Malacara v. Garber,* 353 F.3d 393, 405 (5th Cir .2003) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)) (internal citations omitted); *cf. U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Federal Rule of Civil Procedure 56(f).  The court adopts the reasoning of the magistrate judge and, again, addresses the objections of plaintiffs, incorporating its aforementioned analysis.

Federal Rule of Evidence 56(f) states that:

If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

FED. R. CIV. P. 56(f).  The plaintiffs, as nonmovants, must establish "how the additional discovery will create a genuine issue of material fact." *Borroto v. Wilson*, 2002 WL 24260, *6 (N.D. Tex. Jan. 7, 2002) (citing *Krim v. Banc Texas Group, Inc.,* 989 F.2d 1435, 1442 (5th Cir.1993)).  "A 'bare assertion' that the evidence supporting the [plaintiffs'] allegation is in the hands of the defendant is insufficient to justify a denial of a motion for summary judgment under Rule 56(f)." *Id.* (quoting *Paul Kadair, Inc. v. Sony Corp.,* 694 F.2d 1017, 1030 (5th Cir.1983)) (internal quotation omitted).

Although plaintiffs maintain that insufficient time for discovery has elapsed, nine months have passed since defendant filed the motions for summary judgment.  Without revisiting the arguments of the Appealed Orders, had discovery during this period revealed evidence suggesting that a disclosure occurred, or other evidence that might lead to such evidence, additional discovery *could* be merited.  But, that is not the case.  Thus, plaintiffs' objections are overruled and the memorandum and recommendation of the magistrate judge are adopted.

### CONCLUSION

It is, therefore, ORDERED that the Appealed Orders (Dkts. 181, 187) are AFFIRMED and the magistrate judge's memorandum and recommendation (Dkt. 207) is hereby ADOPTED by this court.  Therefore, defendant's motions for summary judgment (Dkts.122–23) are GRANTED and plaintiffs' cross-motion pursuant to Rule 56(f) (Dkt. 133) is DENIED.  Additionally, defendant's motion to strike the declaration of David P. Marcus (Dkt. 199) is GRANTED IN PART, in accordance with the magistrate judge's memorandum and recommendation.  Finally, plaintiffs Cranford and Vollersten's motion to withdraw objection to the magistrate judge's orders and motion for *de novo* review by the district court (Dkt. 215) is GRANTED.

Signed at Houston, Texas on September 29, 2008.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY